JAMES MC. COY.　　　　　No. 7 9 7 6.

.VS.　　　　　Court of Appeal.

MISS ROSE MARY CONLEY.　　　Parish of Orleans.

----------

----------

DINKELSPIEL. J.

----------

Plaintiff claims that defendant is indebted to him in the full sum of $185.00. for cash loans made to her from time to time. Defendant has not paid, notwithstanding amicable demand, and prays for judment..Annexed to the petition is the account referred to, beginning October, 1st. 1918, Check, $60.00. January, 18th. 1919, $100.00. January, 18th. 1919, cash paid to mother, $5.00. and May, 27th. 1919, $20.00.-total $ 185.00.

To this petition defendant filed an exception of no cause of action, and also an exception that the petition was too vague, general and indefinate, both except ions being overruled, defendant in her answer asmits that she is a _femme sole_ ," of full age, a resident of the City of New Orleans, and that she borrowed from plaintiff the sum of $185.00.; specially denies that she is obliged and obligated to pay same to plaintiff at this time".

Further answering, she says; " That she borrowed the $185.00. when she was minor, that plaintiff had been an old friend of her deceased father, and at the time said loans were made to her she was without means, but had an interest in the succession of her father in the State of Florida, which was under administration ,xn and which defendant expected would be closed after she had reached her majority; that at the time of said loan she was in necessities circumstances, and it was agreed by and between her and plaintiff that the said $185.00. was to be paid plaintiff out of any funds that might accrue to her out of the succession of her father under administration in the State of Florida, when said succ ession was closed.

Without substantially quoting and reiterating precisely, and in terms, the sum and substance of the

entire answer is nothing more or less than has heretofore been set out. Hence, she parys that plaintiff's suit be dismissed at his costs.

It would serve no useful purpose to inject into this record either the testimony of plaintiff, or defendant, much less the letters that passed between the parties at the time when their relations were most friendly. We have made a careful examination , not only of the testimony but all the letters written by both parties, and we have no hesitation in coming to the conclusion that we have arrived at from reading both letters and testimony and making a careful annalysis, and that convinces us that plaintiff did loan to defendant, as stated by him in the account annexed and sworn to and also in his testimony, at various times and dates the $185.00. sued for;-and whether paid to the mother , or defendant, both trumxxxd admitted by defendant to be true. Defendant has shown every desire to be honest, to be trughful and her narative convinces us of that fact, but she has pledged herself to pay the obligation, and there is nothing exhibited in the pleadings and the testimony of defendant which speaks otherwise. The loans made, at the time made, bore no evidence of .waiting  for a settlement of the succession of thm her father to pay same, or the funds to come to defendant with which to pay same, nevertheless, plaintiff at one time offered to have defendant draw drafts on the Executor of her father's succession to pay him out of the fund to be due her smt from that succession in Florida, and defendant refused to sign, reasons best known to herself, and it is not for us to do anything except to give  the facts.

The Judge of the lower Court gave no written reasons, but ordered that there be judgment herein in favor of

plaintiff and against defendant in the full sum of $180.00., payable b͟ , out of the share of the defendant in her father's estate, or succession, now under administration ͗͢ the State of Florida; d̶e̶f̶e̶n̶d̶a̶n̶t̶x̶t̶x̶p̶a̶x̶ plaintiff to ͟ all costs.

There was error in this case and we shall amend it. It is now ordered, adjudged and decreed, that the judgment of the lower Court be, and is hereby amended to read, a judgment in favor of plaintiff against defendant for the full sum of $185.00. with legal interest from judicial demand, and for costs of both Courts.

-Judgment Amended and Affirmed-